UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN F. JOHNSON and YOLANDA JOHNSON,
                                Plaintiffs,

                Case # 23-CV-6137-FPG

v.

                DECISION AND ORDER

TOWN OF GREECE, TOWN OF GREECE POLICE
DEPARTMENT, and TOWN OF GREECE POLICE
OFFICER JOHN/JANE DOES #1-10 (fictitiously named),
in their individual and official capacities,
                                Defendants.

## INTRODUCTION

Plaintiffs, John F. Johnson and Yolanda Johnson ("Plaintiffs"), bring this action under 42 U.S.C. § 1983 against Defendants, Town of Greece ("Town"), Town of Greece Police Department ("TGPD"), and Town of Greece Police Officers John/Jane Does #1-10 ("DOES," collectively with the Town and TGPD, the "Defendants"), alleging claims of false arrest, unlawful search and seizure, failure to intervene, malicious prosecution and abuse of process. ECF No. 1. Against Defendant DOES, Plaintiffs bring claims of evidence fabrication and excessive force. *Id.* Plaintiffs also bring an independent claim of municipal liability against the Town. *Id.*

Defendants have moved to dismiss Plaintiffs' claims against the TGPD, the DOES in their official capacities, and the Town. ECF No. 3. Plaintiffs oppose the motion to the extent it seeks to dismiss claims against the Town. For the reasons stated below, Plaintiffs' claims against the TGPD are dismissed with prejudice, Plaintiffs' claims against the DOES in their official capacities are dismissed with prejudice, and Plaintiff's claims against the Town are dismissed without prejudice.

## DISCUSSION

### I. Town of Greece Police Department

Pursuant to Federal Rule of Civil Procedure 17(b)(3), the capacity of local law enforcement agencies to sue or be sued is determined by reference to New York law. "Under New York law, departments which are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot sue or be sued," *S.W. by J.W. v. Warren*, 528 F. Supp. 2d 282, 302 (S.D.N.Y. 2007), and "[a] police department is an administrative arm of the municipal corporation." *Nix v. City of Rochester*, No. 6:14-CV-06395, 2017 WL 3387103, at *8 (W.D.N.Y. Aug. 5, 2017). Defendants are correct that the TGPD, which is an administrative arm of the Town and lacks the capacity to sue or be sued, is not a proper defendant in this matter. As such, the Defendants' motion to dismiss is granted as to all claims against the TGPD. *Pierre v. City of Rochester*, No. 16-CV-6428, 2018 WL 10072453, at *10 (W.D.N.Y. Sept. 7, 2018) (citing *Casaccia v. City of Rochester*, No. 6:17-CV-06323, 2018 WL 324420, at *4 (W.D.N.Y. Jan. 8, 2018)).

## II. Official Capacity Claims

Within the Second Circuit, where a plaintiff names both the municipal entity and an official in his or her official capacity, district courts have consistently dismissed the official-capacity claims as redundant. *See, e.g., Schubert v. City of Rye*, 775 F. Supp. 2d 689, 700 (S.D.N.Y. 2011) (dismissing claims against the Mayor, the City Council, and its members as redundant); *Carmody v. Vill. of Rockville Ctr.*, 661 F. Supp. 2d 299, 329 (E.D.N.Y. 2009) (dismissing official-capacity claims as redundant); *Drees v. Cnty. of Suffolk*, No. 06–CV–3298, 2007 WL 1875623, at *19 (E.D.N.Y. June 27, 2007) (dismissing official-capacity claims as "duplicative"); *Anemone v. Metro. Transp. Auth.*, 410 F. Supp. 2d 255, 264 n.2 (S.D.N.Y. 2006) (dismissing official-capacity claims as redundant where municipal entity was also a defendant); *Rini v. Zwirn*, 886 F. Supp. 270, 281–82 (E.D.N.Y. 1995) (dismissing official-capacity claims and noting that "any official-capacity §

1983 claim against the[ ] town employees is a redundant method of stating a claim against the Town itself"). Therefore, all claims against the individual Defendants in their official capacities are dismissed.

### III. Municipal Liability

Defendants move to dismiss Plaintiffs' seventh cause of action, which is Plaintiffs' *Monell* claim against the Town. Defendants also move to dismiss Plaintiffs' First, Second, Third, and Fourth causes of action to the extent that they are alleged against the Town.

Plaintiffs assert municipal liability on three grounds. First, Plaintiffs allege that the "Town, by its policy making agents, servants, and employees, authorized" the misconduct alleged in the complaint. ECF No. 1 ¶ 102. Plaintiffs further allege that the misconduct was the result of "longstanding customs [and] practices" of "hiring and retaining incompetent police officers." *Id.* ¶¶ 101(b), 103. Finally, Plaintiff assert a variety of failure to act allegations, including that the Town failed to: (i) "establish and implement meaningful procedures for disciplining or re-training officers and detectives"; (ii) "implement adequate policies to deter its police officers and detectives from the use of excessive force"; (iii) "adequately train its police officers and detectives regarding proper use of force, probable cause, and investigation"; (iv) "retrain and update training of its police officers and detectives regarding the proper use of force, probable cause, and investigation of purported crimes." *Id.* ¶ 101.

"To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of New York & New Jersey*, 615 F.3d 129, 140 (2d Cir. 2010).

Official municipal policy includes a formal policy officially endorsed by the municipality, "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted). Official policy or custom may also include the failure to train or supervise city employees if the failure amounts to "deliberate indifference" to the rights of those with whom the city employees interact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

A complaint does not suffice if it tenders "naked assertions devoid of further factual enhancement." *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 301-02 (S.D.N.Y. 2015) (internal quotation marks and brackets omitted). "To survive a motion to dismiss a municipal liability claim, a plaintiff must allege facts tending to support, at least circumstantially, an inference that a municipal policy or custom exists." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 95 (S.D.N.Y. 2016) (internal quotation marks and ellipsis omitted); *see also Cruz v. Vill. of Spring Valley*, No. 21-CV-2073, 2022 WL 428247, at *6 (S.D.N.Y. Feb. 11, 2022) (collecting cases). Put simply, to allege "there is a policy does not make it so." *Vassallo v. City of New York*, No. 15-CV-7125, 2016 WL 6902478, at *14 (S.D.N.Y. Nov. 22, 2016) (internal quotation marks omitted); *see also Cruz*, 2022 WL 428247, at *6 ("Plaintiff cannot, through conclusory allegations, merely assert the existence of a municipal policy or custom, but must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." (internal quotation marks omitted)).

Plaintiffs' allegations of municipal policies and customs are entirely conclusory and lack all factual credibility. Although Plaintiffs allege that a policymaking agent directed and authorized the harmful conduct, Plaintiffs fail to identify who that person is and also fail to allege any facts surrounding the authorization given by that supervising authority. Plaintiffs merely state that the

"John/Jane DOES #1-10 . . . work under the supervision, direction, and/or control of their supervisors in the [Town]." ECF No. 1 ¶ 12. The complaint continues by alleging that these DOES "without cause or legal justification, aggressively and forcibly grabbed Plaintiffs, threw them to the ground, and placed handcuffs on Plaintiffs." *Id.* ¶ 23. Missing from this allegation is any factual allegation of an action taken by a supervising authority directing or authorizing alleged misconduct. *Id.* Plaintiffs' allegations are also devoid of any detail respecting an official municipal policy that caused the officers to take the alleged actions. *See generally id.* ¶¶ 13-40. Without more, the simple assertion that a policy existed does not amount to a plausible factual assertion that a policy existed. *See Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015) (dismissing the plaintiff's *Monell* claim because she offered only a "general and conclusory allegation that there was ... a policy"); *Lara-Grimaldi v. Cty. of Putnam*, No. 17-CV-622, 2018 WL 1626348, at *20 (S.D.N.Y. Mar. 29, 2018) (stating that "[c]onclusory allegations that there was ... a policy or custom, without identifying or alleging supporting facts, is insufficient to state a claim" and collecting cases); *Cordero v. City of New York*, 282 F. Supp. 3d 549, 563 (E.D.N.Y. 2017) ("Conclusory allegations that officers engage in falsification to justify arrests for collateral objectives outside the ends of justice ... are insufficient without proof of custom or practice." (internal quotation marks omitted)).

Plaintiffs' allegations regarding the Town's failure to train its police officers or update its policies are equally wanting. While it is possible to allege that a municipal policy or custom exists because a municipality fails to train its police officers, plaintiffs must plead sufficient facts to allege that municipal policymakers were deliberately indifferent to the rights of those with whom the police interact. *City of Canton*, 489 U.S. at 388.

To plead "deliberate indifference," a plaintiff must allege that: (i) a policymaker knows "to a moral certainty" that city employees will confront a particular situation; (ii) the situation either presents the employee with "a difficult choice of the sort that training or supervision will make less difficult" or "there is a history of employees mishandling the situation"; and (iii) "the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007) (citing *Walker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir. 1992)). "[A] policymaker does not exhibit deliberate indifference by failing to train employees for rare or unforeseen events." *Id.* at 297. Moreover, where a city has a training program, a plaintiff must—in addition—"identify a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir.2004) (quoting *City of Canton*, 489 U.S. at 391).

In their complaint, Plaintiffs allege that "despite a plethora of complaints from citizens of being subjected to Constitutional violations by police officers, lieutenants, and detectives" the Town failed to adequately train its police officers. ECF No. 1 ¶ 100. Further, in their memorandum opposing the Town's motion to dismiss, Plaintiffs cite three other civil cases against the Town as well as an online database, which the Plaintiff alleges contains "15 civilian complaints made against the [Town] for excessive force and racial profiling." ECF No. 11 at 9. Assuming the Plaintiffs point to these 15 prior civilian complaints as the "plethora of complaints" referenced in their pleadings, this is simply not enough. "Plaintiff[s] ha[ve] to allege sufficient facts that demonstrate a history of similar conduct." *Beltran v. City of New York*, No. 19 CIV. 4647, 2020 WL 4260990, at *4 (S.D.N.Y. July 22, 2020). Plaintiffs leave to the imagination the conduct giving rise to those various prior complaints, and therefore, cannot sufficiently allege a history of similar

conduct because Plaintiffs have not alleged any particular conduct at all. Each of those past 15 complaints could have arisen from 15 different types of conduct. Without sufficient factual detail about the prior complaints and the attendant conduct and how they are similar to Plaintiffs' case, there is no basis to infer that a "given situation exists" that, if encountered by police, "will frequently cause the deprivation of a citizen's constitutional rights" and that this is known by the Town to "moral certainty." *Reynolds*, 506 F.3d at 192. Far from alleging a history of similar conduct, Plaintiffs allegations impliedly assume that simply because prior complaints have been filed in general, then the Town must have failed to train its officers. That is an untenable assumption.

Plaintiffs also do not offer any specific allegations of the Town's training program that would have addressed those complaints. This is insufficient because in order "to allege a failure to train claim, a plaintiff must plausibly allege a specific deficiency in the municipality's training." *Tieman v. City of Newburgh*, No. 13-CV-4178, 2015 WL 1379652, at *13 (S.D.N.Y. Mar. 26, 2015). Because Plaintiffs have not alleged that there is a particular portion of the Town's training program that is lacking, nor have they alleged a history of particular misconduct that could be improved by training, Plaintiffs have not plausibly stated a claim that the Town has failed to adequately train its officers.

## IV. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs district courts to give plaintiffs leave to replead "when justice so requires." However, the Second Circuit has declined to allow amendment in cases in which additional pleading would be futile. *See e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because claims cannot be brought against the TGPD and claims against individual defendants in their official capacities are redundant, amending the complaint to

reallege claims against those defendants would be futile. The Court, however, does not find that it would be futile to amend the complaint respecting Plaintiff's claim of municipal liability. Accordingly, Plaintiffs' motion to amend the complaint is granted, but only to the extent Plaintiffs seek to amend the municipal liability claim. Plaintiffs may not reallege claims against the TGPD and the DOES in their official capacities.

## CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss is GRANTED and Plaintiffs' claims against the TGPD are DISMISSED WITH PREJUDICE, Plaintiffs' claims against the DOES in their official capacities are DISMISSED WITH PREJUDICE, and Plaintiff's claims against the Town are DISMISSED WITHOUT PREJUDICE, with leave to file an amended complaint.

IT IS SO ORDERED.

Dated: January 17, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York